IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **Guadalupe Villarreal** § | |
|     **Plaintiff** § | Case No.: _____ |
| v. § | |
| § | **COMPLAINT AND JURY DEMAND** |
| **JPMorgan Chase Bank, National Association;** § | |
| **James A West PC d/b/a** § | |
|     **The Law Offices of James A. West, PC;** § | |
| **Colonial American Casualty & Surety Company;** § | |
| **Niagara Credit Solutions Inc.; and** § | |
| **Travelers Casualty and Surety Company of America** § | |
| § | |
|     **Defendants** § | |

Plaintiff Guadalupe Villarreal brings this suit for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (F.D.C.P.A.), the Texas debt collection act, Ch. 392 Tex. Fin. C., and for related claims.

### A.    JURISDICTION AND VENUE.

1. The Court has federal question jurisdiction over the lawsuit because the action arises under a federal statute, the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (FDCPA). Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law, the FDCPA. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202. The court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution. The Court specifically has jurisdiction over defendants JPMorgan Chase Bank, Colonial American and Travelers Casualty under 28 U.S.C. § 1367(a) (the federal court's

"supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties")

2. Venue in this District because all or a substantial part of the events or omissions giving rise to their claims occurred in Aransas County, Texas.

3. Plaintiff is an individual who resides in Aransas County, Texas.

4. Defendant **JPMorgan Chase Bank, National Association** is a foreign corporation organized and existing in the state of Delaware with its principal place of business at 1111 Polaris Parkway, Columbus (Delaware County) Ohio 43240.  Said defendant may be served through its Texas registered agent, C T Corporation System, 350 N. Paul St., Dallas, TX 75201. This court has general jurisdiction because said defendant has had continuous and systematic contacts with the forum state, Texas. The court also has specific jurisdiction as said defendant has purposefully availed itself of the privileges and benefits of conducting business in Texas. Tex. Civ. Pract. Rem. C. § 17.042.

5. **James A. West PC d/b/a The Law Offices of James A. West, PC** is a Texas corporation with its principle place of business in Harris County at 6380 Rogerdale Road, Suite 130, Houston, TX 77072. Said defendant may be served by and through its registered agent James A. West, 6380 Rogerdale Road, Suite 130, Houston, TX 77072.

6. **Colonial American Casualty & Surety Company** is a foreign corporation organized and existing in the state of Maryland with its principal place of business at 1400 American Lane Tower 1, 19th Floor, Schaumburg (Cook County) IL 60196.  Said defendant may be served through its

Texas registered agent, Corporation Service Company, 211 East 7th Street Suite 620, Austin TX 78701. This court has jurisdiction over said defendant because the defendant has purposefully availed itself of the privileges and benefits of conducting business in Texas by issuing a debt bond to a Texas debt collector, co-defendant James A. West, PC.  Tex. Civ. Pract. Rem. C. § 17.042.

7. **Niagara Credit Solutions Inc.** is a foreign corporation organized and existing in the state of New York with its principal place of business at 420 Lawrence Bell Dr., Williamsville (Erie County) NY 14221.  Said defendant may be served through its Texas registered agent, C T Corporation System, 350 N. Paul St., Dallas, TX 75201. The court has jurisdiction over said defendant. Said defendant has purposefully availed itself of the privileges and benefits of conducting business in Texas by attempting to collect debts from Texas consumers, and doing so in a manner that violated the FDCPA and the Texas debt collection act. Tex. Civ. Pract. Rem. C. § 17.042

8. **Travelers Casualty and Surety Company of America** is a foreign corporation organized and existing in the state of Connecticut with its principal place of business at One Tower Square, Hartford, CT 06183.  Said defendant may be served through its Texas registered agent, Corporation Service Company, 211 East 7th Street Suite 620, Austin TX 78701. This court also has jurisdiction as said defendant has purposefully availed itself of the privileges and benefits of conducting business in Texas by engaging issuing a debt bond to a Texas debt collector, co-defendant Niagara Credit Solutions, Inc.  Tex. Civ. Pract. Rem. C. § 17.042.

9. All conditions precedent necessary to maintain this action have been performed or have

3

occurred.

## B. STATEMENT OF FACTS

10.     Plaintiff Guadalupe Villarreal is a 73 year old widow. She is frail, in poor health, and extremely low income.

11.     Defendant James A West PC d/b/a The Law Offices of James A. West, PC ("West") is a law firm debt collector retained by defendant JPMorgan Chase Bank, National Association ("Chase") to collect an alleged auto loan debt from plaintiff.

12.     Chase, acting at all times through its agent and attorney West, repeatedly harassed plaintiff in an attempt to collect the alleged debt. They called plaintiff repeatedly and berated her. They repeatedly threatened plaintiff that they would take her home. Plaintiff has lived in her home for 43 years. It is the only thing of real monetary value that she has. They threatened plaintiff that they would get an ex parte court order against her. They threatened to file suit against plaintiff even though the alleged debt was time-barred. They threatened, falsely, that any suit they filed against her would result in additional interest charges.

13.     Terrified, Plaintiff retained Texas Rio Grande Legal Aid (TRLA) to protect her from the harassment.  TRLA immediately sent Chase, through its attorney West, a demand to cease communications with plaintiff and demanded verification of the alleged debt. Despite being placed on actual notice that plaintiff was represented by counsel, Chase, through its attorney West, continued to contact plaintiff directly.

14.     Chase then hired debt collector Niagara Credit Solutions, Inc. ("Niagara") to attempt to

collect the time-barred alleged debt from plaintiff after West's abusive collection practices failed to extract money. Despite its actual knowledge that plaintiff was represented by counsel, Chase, through Niagara, again contacted plaintiff ex parte to attempt to collect the time-barred debt. After Niagara was told directly that plaintiff was represented by counsel, Niagara, on behalf of Chase, continued to communicate directly with plaintiff. Niagara also failed to provide plaintiff the statutorily required notices to plaintiff within 5 days of its initial communication with plaintiff, or in its first written communication, and misrepresented the amount of the debt in relation to West's representation of the debt.

15. Defendants' debt collection harassment has damaged plaintiff. She has suffered extreme emotional distress and mental anguish with physical manifestations that affect her activities of daily living. Among the physical manifestations of these damages are loss of sleep, loss of appetite, constant anxiety, difficulty breathing, muscle pain and depression. The abuse from the debt collectors aggravated her existing medical conditions making it difficult at times for plaintiff to even get out of bed or move around the house.

16. Defendants Colonial and Travelers are the bonding companies for debt collector defendants West and Niagara, respectively. Pursuant to Tex. Fin. C. § 392.102 and pursuant to the terms of the bond agreement itself, the bonding companies are liable for the claims plaintiff may bring against the defendant debt collectors for whom they provide a bond for the debt collector's violations of the Texas debt collection practices act, up to $10,000.00. Therefore, when this suit refers to the liability of defendants West or Niagara, those claims apply equally to their respective bonding company, up to $10,000 per bonding company.

## **COUNT # 1: Violations of the federal Fair Debt Collection Practices Act**

17.     Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

18.     Plaintiff brings these F.D.C.P.A. claims as a "private attorney general" acting in the interest of all consumers. See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance.").

19.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

20.     Defendants West and Niagara are each a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

21.     The obligation alleged by defendants West, Niagara and Chase to be owed by plaintiff is a "debt" as defined by 15 U.S.C. § 1692a(5).

22.     Defendants' West and Niagara actions listed in the above statement of facts constituted an attempt to collect a debt within the meaning of the federal Fair Debt Collection Practices Act.

23.     Defendants West and Niagara violated the following sections of the federal Fair Debt Collection Practices Act (the "F.D.C.P.A."): 15 U.S.C. 1692b, 1692c, 1692d, 1692e, 1692f, and 1692g. By way of example and not limitation said defendants violated the F.D.C.P.A. by taking the following actions in connection with an attempt to collect a debt: misrepresenting the character, status, and amount of the debt; attempting to collect an amount not permitted by law or

contract; threatening to take and actually taking an action prohibited by law; using false, deceptive or misleading representations or means; using a unfair or unconscionable means; contacting a consumer represented by counsel; engaging in conduct the natural consequence of which is to harass, oppress any person; communicating with a consumer at an inconvenient time or location; communicating with a third party; failing to cease communications; using language the natural consequence of which is to abuse the hearer or reader, or in order to disgrace the consumer; repeatedly calling with an intent to annoy, abuse or harass; the representation of implication that the nonpayment of any debt will result in the seizure, garnishment or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action; threatening to take any nonjudicial action to effect dispossession of property when not allowed by law or not intended; and the failure to provide the validation rights to a consumer. Counsel for West also did not perform a meaningful review prior to sending plaintiff collection letters from the law firm.

24. A prevailing consumer in a FDCPA action is entitled to actual damages, additional statutory damages of $1,000.00, and mandatory attorney's fees and cost, and these are so sought.

### COUNT # 2: Violations of the Texas debt collection statute, Tex. Fin. C. § 392.001 *et seq*

25. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

26. Plaintiff is a "consumer" as that term is defined by Tex. Fin. C. § 392.001(1).

27. Defendants West and Niagara are each a "third-party debt collector" as that term is

defined in Tex. Fin. C. § 392.001(7).

28.     Defendant Chase is a "creditor" at that term is defined in Tex. Fin. C. § 392.001(3), and a "debt collector" as that term is defined in Tex. Fin. C. § 392.001(6).

29.     The obligation alleged by defendants West, Chase and Niagara against plaintiff is a "consumer debt" as that term is defined in Tex. Fin. C. § 392.001(2).

30.     Defendants West, Chase and Niagara violated Tex. Fin. C. § 392.001 et seq., the Texas debt collection act. By way of example and not limitation, in connection with an attempt to collect a consumer debt, said defendants violated the act by: misrepresenting the character, status, and amount of the debt; making fraudulent, deceptive, or misleading representations; using an unfair or unconscionable means to collect a debt; using threats coercion or attempts to coerce; threatening to take and actually taking an act prohibited by law; oppressing, harassing, or abusing a person; using language intended to abuse unreasonably the hearer or reader; making repeated or continuous telephone calls, with the intent to harass a person at the called number; collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer; contacting a consumer represented by counsel; threatening that nonpayment of a consumer debt will result in the seizure, repossession, or sale of the person's property without proper court proceedings; representing or threatening to represent to any person other than the consumer that a consumer is willfully refusing to pay a nondisputed consumer debt when the debt is in dispute and the consumer has notified in writing the debt collector of the dispute; and using a name other than the true business

or professional name or the true personal or legal name of the debt collector while engaged in debt collection. Chase also violated Tex. Fin. C. § 392.306 by using a debt collector that has repeatedly or continuously engaged in acts that violate the debt collection practices act. West and Niagara did not correct their collection files as required by Tex. Fin. C. § 392.201 et seq. Counsel for West also did not perform a meaningful review prior to sending plaintiff collection letters from the law firm.

31. A prevailing Plaintiff in a Texas debt collection action is entitled to actual damages, additional statutory damages of no less than $100.00 in *per violation*, injunctive relief and mandatory attorney's fees and costs, and these are so sought.

### COUNT # 3: Tort of unfair debt collection

32. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

33. The actions that violate the debt collection statute also constitute the tort of wrongful debt collection, which allows for the recovery of actual, exemplary and punitive damages, and which are so sought. Duty v. General Finance Company, 273 S.W.2d 64 (Tex. 1954). Defendants West, Chase and Niagara committed the tort of unfair debt collection.

34. Plaintiff's injuries resulted from defendants' malice or actual fraud, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

### C. ATTORNEY'S FEES

35. Attorney's fees and costs are sought by all counsel for Plaintiff.

### D. JURY DEMAND.

36. Plaintiff demands a jury trial.

### E. PRAYER

37. For these reasons, Plaintiff asks for judgment against Defendants for the following:

   i. The above referenced relief requested;

   ii. Statutory damages, including $1,000.00 pursuant to 15 U.S.C. § 1692k (F.D.C.P.A.) and no less than $100 per violation pursuant to Tex. Fin. C. § 392.403(e) (Texas debt collection act).

   iii. Equitable relief;

   iv. Actual, economic, punitive and exemplary damages within the jurisdictional limits of the court;

   v. Attorney's fees and costs;

   vi. Costs of court;

   vii. Prejudgment and post-judgment interest as allowed by law;

   viii. Costs of suit;

   ix. General relief;

   x. An injunction preventing defendants from engaging in similar unlawful conduct now and in the future;

   xi. All other relief, in law and in equity, both special and general, to which plaintiff may be justly entitled.

Respectfully submitted,
/s/

Ahmad Keshavarz
ATTORNEY IN CHARGE FOR PLAINTIFF
State of Texas Bar Number: 24012957
Southern District of TX Admission #: 27001

The Law Offices of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026

Phone: (718) 522-7900
Fax:    (877) 496-7809 (toll-free)
Email: ahmad@AustinConsumerAttorney.com


TEXAS RIOGRANDE LEGAL AID, INC.

By: Christina E. Trejo
State of Texas Bar Number: 24003124
Southern District of TX Admission Number: 22609

Texas Rio Grande Legal Aid, Inc.
1010 Waugh Dr.
Houston, Texas 77019
         Tel: (713) 528-6798 ext. 2257
         Fax: (713) 630-2218
         Email: ctrejo@trla.org

11