UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

GUADALUPE VILLARREAL,                       §
                                            §
        Plaintiff,                          §
VS.                                         §        CIVIL ACTION NO. C-10-53
                                            §
JP MORGAN CHASE BANK, NATIONAL              §
ASSOCIATION, *et al*,                       §
                                            §
        Defendants.                         §

## <u>ORDER</u>

On this day came to be considered Defendants' Niagra Solutions, Inc. and JP Morgan

Chase Bank, National Association's Motion for Continuance pursuant to Federal Rule of Civil

Procedure 56(f) (Defendants' "Motion for Continuance"), (D.E. 60), and Plaintiff's Agreed

Motion to Enlarge Time for Plaintiff to Respond to Chase and Niagra's Cross-Motion for

Summary Judgment (Plaintiff's "Motion to Enlarge Time").  (D.E. 61.)  Defendants have

requested that this Court delay consideration of Plaintiff Guadalupe Villareal's Motion for Partial

Summary Judgment on the ground that they need more time to conduct discovery.  (D.E. 34.)

Plaintiff has requested that the Court delay consideration of Defendants' Cross-Motion for

Partial Summary Judgment for the same reason.  (D.E. 43.)  For the reasons explained below, the

Defendants' Motion for Continuance (D.E. 60) is DENIED.  Plaintiff's Motion to Enlarge Time

(D.E. 61) is also DENIED.

## I.    BACKGROUND

On February 16, 2010, Plaintiff Guadalupe Villareal filed a complaint with this Court,

alleging that Defendants JPMorgan Chase Bank, National Association ("Chase"), James A West

PC, and Niagra Solutions, Inc. ("Niagra"), violated the federal Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692 <u>et seq</u>, and the Texas Fair Debt Collection Act ("TDCA"), Tex. Fin. C. § 392.001 <u>et seq</u>.  On July 15, 2010, Plaintiff filed a Motion for Partial Summary Judgment.  (D.E. 34.)  Plaintiff seeks Partial Summary Judgment on three issues: (1) whether James West violated the FDCPA and TDCA by threatening to file suit against her based on a time barred debt, and on whether Chase violated the TDCA based on West's actions under a theory of vicarious liability; (2) whether West violated the FDCPA and TDCA by withholding from Chase the information that Plaintiff disputed the debt and that Plaintiff was represented by counsel; and (3) whether Niagra, the debt collection agency hired by Chase after West, sent ex part collection letters to Plaintiff even though it knew Plaintiff was represented by counsel. (D.E. 34, p. 3; D.E. 39, p. ).

On August 12, 2010, Defendants Chase and Niagra filed a Cross Motion for Partial Summary Judgment.  (D.E. 43.)  Defendants seek Partial Summary Judgment on two issues: (1) whether Chase is vicariously liable for the actions of West under either the FDCPA or the TDCA; and (2) whether Niagra violated the FDCPA by directly contacting Plaintiff while she was represented by an attorney.  (D.E. 39, p. 1-2.)

Defendants Niagra and Chase now request that this Court delay determination of the Plaintiff's Motion for Partial Summary Judgment until they have conducted further discovery. (D.E. 60.) Specifically, Defendants state that they need more time to take the depositions of the parties and to complete document production. (D.E. 60, p. 2.)  Plaintiff simultaneously requests that this Court delay consideration of Defendants' Cross-Motion for Partial Summary Judgment until after depositions of Chase and Niagra have been taken.  (D.E. 61, p. 1-2.)  Defendants agreed to Plaintiff's Motion to Enlarge Time. (D.E. 61, p. 1.)  For the reasons explained below, this Court denies both motions.

II.     DISCUSSION

      A.     The Legal Standard for a Motion to Continue

The Defendants seek a motion to continue pursuant to Federal Rule of Civil Procedure 56(f).  In her Motion to Enlarge Time, Plaintiff cites to Fed. R. Civ. P. 56(f)(2), indicating her Motion to Enlarge Time should also be treated under the standard for a Motion to Continue under the same rule.

Rule 56(f) permits a court to grant a continuance when the nonmovant has not had the opportunity to conduct discovery that is <u>essential</u> to that party's opposition to a motion for summary judgment.  <u>See</u> Fed. R. Civ. P. 56(f).[1]  <u>See also</u> <u>Wright v. Blythe-Nelson</u>, 2001 WL 1012701, at *2 (N.D.Tex. Aug. 15, 2001) (citing <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).  "To justify a continuance, a Rule 56(f) motion must demonstrate: (1) why the movant needs additional discovery, and (2) how the additional discovery will likely create a genuine issue of material fact.  <u>See</u> <u>Stearns Airport Equip. Co., Inc. v. FMC Corp</u>., 170 F.3d 518, 534-35 (5th Cir. 1999) (citing <u>Krim v. BancTexas Group, Inc</u>., 989 F.2d 1435, 1442 (5th Cir.1993)).  The movant "must be able to demonstrate how postponement and additional discovery will allow him to defeat summary judgment; it is not enough to 'rely on vague assertions that discovery will produce needed, but unspecified, facts.' " <u>Stearns Airport Equip</u>., 170 F.3d at 535 (quoting <u>Washington v. Allstate Ins. Co</u>., 901 F.2d 1281, 1285 (5th Cir.1990) (citation omitted)).

---

[1] Rule 56(f) provides:

If a party opposing [a summary judgment] motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

Fed. R. Civ. P. 56(f).

### B.      Defendants' Motion to Continue

Defendants have asked the Court to delay determination of Plaintiff's Motion for Partial Summary Judgment for two reasons.  First, they claim more time is needed to take depositions of the parties.  The Plaintiff's deposition is scheduled for September 16, 2010, having been delayed due to a change in counsel for James West.[2]  (D.E. 60, p. 2.) The deposition of Defendant James West is scheduled for September 21, 2010.  The Depositions of Niagra and Chase are scheduled for September 21, 2010.  (D.E. 60, p. 1.)  The Defendants claim Villareal's deposition is "essential" because they need to be able to question Villareal about her claims that Niagra initiated contact with her.  They claim the depositions of West, Niagra and Chase "are also needed to further explore and defend Chase's liability in this matter."  (D.E. 60, p. 2.)  They claim that the parties are, in this case, "the only witnesses with full knowledge" of the facts relevant to deciding Plaintiff's Motion.  (D.E. 60, p. 4-5.)

Second, Defendants claim they need more time to complete document production.  Specifically, they claim they have already procured phone records showing phone calls made to Plaintiff's counsel that were unreturned, and that "[t]here may be additional information or records that Niagra has not yet had the opportunity to locate or review."  (D.E. 60, p. 5.)

The court is not convinced by Defendants' arguments that either further depositions or further document production is "essential" to their defense against Plaintiff's Motion for Partial Summary Judgment.

As to the Defendants' first claim that the parties' testimonies are required to establish facts relevant to Niagra's alleged contact with Plaintiff, the Defendants have failed to make their

---

[2] There have been two attorney substitutions by Defendants James West and Colonial and Surety Company.  On May 13, 2010, West and Colonial filed a motion to substitute Attorney M.H. Cersonsky in place of Temple B. Ingram, which this Court granted on June 4, 2010.  (D.E. 30.)  On August 3, 2010, they filed a motion to substitute Attorney Douglas M. Kennedy in place of M.H. Cersonsky, which this Court granted on August 6, 2010.  (D.E. 41.)

case.  Both parties agree that on October 5, 2009, Niagra made contact with Plaintiff by phone, that Plaintiff directed Niagra to her attorney, Christina Trejo, and that on October 9, 2009, Niagra contacted Trejo with a settlement offer.  (D.E. 34, p. 19; D.E. 39, p. 4, 11.)  According to Niagra, Niagra thereafter attempted to follow up with Trejo and was unable to do so, despite leaving multiple messages on her answering machine.  (D.E. 39, p. 4, 11.)  Defendants have already obtained telephone records from Niagra's phone company, Paetec, that allegedly "establish that Niagra Credit made multiple calls to Plaintiff's legal counsel over a three month period with no response by Plaintiff's counsel."  (D.E. 62, p.2.)[3]  Neither party claims that Niagra thereafter attempted to call Plaintiff again.  Rather, the subsequent interactions involved collection letters sent directly to Plaintiff by Niagra. (D.E. 34, p. 19.)  "Upon the passage of (3) months and no response to its settlement offer, Niagra send a follow up letter to Plaintiff regarding the settlement."  (D.E. 39, p. 5.)  These collection letters are already on the record. (D.E. 34, Ex. I; D.E. 39, Ex. B.)  Therefore, further deposition testimony from the Plaintiff regarding her claims Niagra initiated contact with her would not aide the Court in deciding this issue.

The Defendants also claim they require depositions from West, Niagra and Chase "to further explore and defend Chase's liability in this matter."  (D.E. 60, p. 2.)   "To justify a continuance, a Rule 56(f) motion must demonstrate: (1) why the movant needs additional discovery, and (2) how the additional discovery will likely create a genuine issue of material fact.  See Stearns Airport Equip. Co., 170 F.3d at 534-35 (emphasis added).  As said, one of the issues to be decided on summary judgment is whether JP Morgan Chase is vicariously liable

---

[3] Plaintiff argues that these records are inadmissible because they are the records of Paetec, not Niagra, and as such should not be admitted as summary judgment evidence.  (D.E. 58, p. 4.)  However, Defendants have since supplemented the phone records with an Affidavit from Paetec to establish the phone records as admissible business records.  (D.E. 62, p. 2, Ex. 1, p. 1-2.)

under the FDCPA or the TDCA for West's actions in allegedly threatening suit against Plaintiff based on an allegedly time-barred debt.  (D.E. 34, p. 3.).  Chase asserts as a defense that, as a "creditor," Chase is not liable under the FDCPA; and, as to the TDCA, that Chase cannot be liable because it lacked "actual knowledge" of actions by West in violation of either statute. (D.E. 39, p. 1-2.)  Chase also alleges the debt was not in fact time-barred.  (D.E. 39, p. 2.) Defendants have failed to indicate how depositions from West, Niagra or Chase would create genuine issues of material fact with respect to any of these issues beyond the affadavits and documents already on record.  (D.E. 39, 39-1; D.E. 34, "West Affadavit".)

As to the Defendants' second claim that more document production is necessary, the Defendants themselves admit that Niagra has already obtained phone records indicating phone calls to Plaintiff's counsel were unreturned.  (D.E. 60, p. 3, 5.)  The Defendants claim that "[t]here may be additional information or records that Niagra has not yet had the opportunity to locate or review."  (D.E. 60, p. 5.)  Defendants do not specify how further records on this issue would be of assistance.  "[I]t is not enough to 'rely on vague assertions that discovery will produce needed, but unspecified, facts.' " Stearns Airport Equip., 170 F.3d at 535.

In sum, because Defendants failed to show the requested discovery is likely to reveal facts "essential" to justifying their opposition to Plaintiff's Motion for Partial Summary Judgment, the Court declines to grant Defendants' Motion to Continue.

### C.     Plaintiff's Motion to Enlarge Time

Plaintiff has also filed a Motion to Enlarge Time to Respond to Chase and Niagra's Cross-Motion for Partial Summary Judgment.  (D.E. 61.)  Defendants' Cross-Motion was filed on August 12, 2010.  (D.E. 43.)  As such, Plaintiff's response was due on September 2, 2010. Plaintiff filed her Motion to Enlarge time the day before this deadline.  Plaintiff claims she needs

the deposition testimonies of Chase and Niagra "in order to adequately respond to the issues raised in [Defendants'] joint Cross-Motion for Summary Judgment."  (D.E. 61, p. 1.)   Plaintiff does not provide any reasons why deposition testimonies of Chase and Niagra are "essential" to justifying her opposition to Defendants' Cross-Motion for Summary Judgment.   Moreover, as discussed above, there is already plentiful evidence on record relating to the issues to be decided in the parties' cross-motions.   Therefore, the Court declines to grant Plaintiff's Motion to Enlarge Time (D.E. 61).

## III.    CONCLUSION

For the reasons stated above, Defendants Niagra Solutions, Inc. and JP Morgan Chase Bank, National Association's Motion for Continuance pursuant to Federal Rule of Civil Procedure 56(f) (D.E. 60) is DENIED.  Plaintiff's Agreed Motion to Enlarge Time for Plaintiff to Respond to Chase and Niagra's Cross-Motion for Summary Judgment (D.E. 61) is also DENIED.  Pursuant to this Court's order of August 12, 2010, (D.E. 53), the deadline to amend pleadings is September 16, 2010, and the deadline to close discovery is December 30, 2010.  The dispositive motions deadline is November 15, 2010.

SIGNED and ORDERED this 7th day of September, 2010.

Janis Graham Jack
United States District Judge